# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0376 | **DATE** | 1/24/2011 |
| **CASE TITLE** | Damien L. Holmanbey (2010-0101102) vs. Circuit Court of Cook County | | |

**DOCKET ENTRY TEXT**

Plaintiff is given 28 days from the entry of this order either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or to pay the full $350 filing fee. The complaint (Dkt. No. 1), is dismissed without prejudice. Plaintiff is given 28 days from entry of this order to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Damien L. Holmanbey has submitted a complaint pursuant to 42 U.S.C. § 1983 against the Circuit Court of Cook County and Judge William T. O'Brien. Plaintiff is a defendant in a criminal prosecution before Judge O'Brien in Cook County charged with possession of a controlled substance and driving without a license. Plaintiff asserts that he is descendent of Moors from Morocco. He points to a treaty between the Moors and the United States from the late 1700s and argues this should govern his treatment. He also claims that he received a default judgment and wants that enforced. Although the complaint is not 100% clear, it appears that plaintiff seeks an injunction from this Court barring his present prosecution in Cook County.

    Plaintiff has not paid the $350 filing fee or filed a motion for leave to proceed *in forma pauperis* as required. The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A)     the average monthly deposits in the prisoner's account; or
(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

    The Court will then authorize prison officials to deduct the initial filing fee payment directly from plaintiff's trust fund account. Thereafter, correctional authorities having custody of plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

| STATEMENT |
|---|

      To enable the Court to make the necessary initial assessment of the filing fee, plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

      In addition, plaintiff's complaint implicates the prohibition of *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* forbids a federal court from interfering with a pending state criminal prosecution except in very narrow circumstances which do not appear to be present in this case. *Sweeney v. Bartow*, 612 F.3d 571, 572 (7th Cir. 2010).

      Thus, the Court shall dismiss the complaint without prejudice. Plaintiff is given 28 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the Judge's name on the complaint and return the originally filled out and signed form and a copy for the Judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

      Plaintiff is given 28 days from the entry of this order either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or to pay the full $350 filing fee. The complaint (Dkt. No. 1), is dismissed without prejudice. Plaintiff is given 28 days from entry of this order to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.